IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

LUIS RAMON,

    Petitioner,

vs.          No. 06-1001-T/An

RICKY BELL,

    Respondent.

ORDER OF DISMISSAL
ORDER DENYING CERTIFICATE OF APPEALABILITY
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

    Petitioner, Luis Ramon, prisoner registration no. 318510, an inmate at the Riverbend Maximum Security Prison ("RMSP"), in Nashville, Tennessee, filed this petition under 28 U.S.C. § 2254, along with a motion to proceed in forma pauperis in the United States District Court for the Middle District of Tennessee. United States District Judge William J. Haynes granted the motion to proceed in forma pauperis and transferred the petition to this district court. The Clerk shall not issue any process.

I. PROCEDURAL HISTORY

    A Henry County Grand Jury indicted Luis Ramon, then fifteen years old, for first degree murder for the stabbing death of his aunt which occurred on March 11, 1999. Ramon was tried as an adult and convicted of the charged offense after the jury rejected his insanity defense. The trial court sentenced Ramon to life imprisonment. Ramon appealed arguing that his insanity defense was established by clear and convincing evidence. In an opinion filed August 9, 2002, the Tennessee Court of Criminal Appeals reversed the judgment of

conviction, modified the judgment to "Not Guilty by Reason of Insanity, and remanded the case for further proceedings pursuant to Tenn. Code Ann. § 33-7-303. See State v. Ramon, No. W2001-00389-CCA-R3-CD, 2002 WL 1841608 (Tenn. Crim. App. Aug. 9, 2002). The State filed an application for permission to appeal with the Tennessee Supreme Court.

On December 23, 2002, the Tennessee Supreme Court granted the State's application for the purpose of remanding the case to the Court of Criminal Appeals for reconsideration in light of State v. Flake, 88 S.W.3d 540 (Tenn. 2002). On remand, the Court of Criminal Appeals determined that a rational jury could have found that the defendant failed to establish by clear and convincing evidence that, as a result of a severe mental illness or defect, the Defendant was unable to appreciated the wrongfulness of his act of stabbing his aunt to death so as to entitle him to the insanity defense and affirmed Ramon's conviction for first degree murder and his sentence of life imprisonment. State v. Ramon, No. W2002-03084-CCH-RM-CD (Tenn. Crim. App. Oct. 29, 2003), perm. app. denied, (Tenn. Mar. 22, 2004).

Ramon signed this petition on December 8, 2005. The petition was received and filed by the Middle District Clerk on December 19, 2005.

II. ANALYSIS

Ramon's right to attack his conviction under § 2254 is now directly barred by the amendments to the federal habeas statutes, in the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996)(codified, inter alia, at 28 U.S.C. § 2244 et seq.)(AEDPA), which created in § 2244(d) a statute of limitations for filing habeas petitions under § 2254. The Court should consider this statute of limitations as a threshold matter. Holloway v. Corcoran, 980 F. Supp. 160, 161 (D. Md. 1997). Section 2244(d) provides:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the

>>judgment of a State court. The limitation period shall run from the latest of–
>
>>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. 2244(d).

Ramon's conviction became final on March 22, 2004, when the Tennessee Supreme Court denied permission to appeal. Ramon's AEDPA statute of limitations expired on March 22, 2005. Under a straightforward application of § 2244(d) and <u>Austin v. Mitchell</u>, 200 F.3d 391, 393 (6th Cir. 1999), his petition is untimely.

While the Sixth Circuit has ruled that the doctrine of equitable tolling may be invoked to toll the one-year limitation period applicable to § 2255 motions and habeas petitions, Ramon makes no proffer of circumstances that would toll the statute. <u>Dunlap v. United States</u>, 250 F.3d 1001, 1008 (6th Cir. May 7, 2001)(approving test for equitable tolling set forth in <u>Andrews v. Orr</u>, 851 F.2d 146 (6th Cir. 1988)). The five parts of the test are:

>(1) the petitioner's lack of notice of the filing requirement;
>(2) the petitioner's lack of constructive knowledge of the filing requirement;

      (3)     diligence in pursuing one's rights;
      (4)     absence of prejudice to the respondent; and
      (5)     the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

Andrews, 851 F.2d at 150.

    Ramon has provided no affidavit demonstrating any circumstances under which this Court may deem equitable tolling appropriate. Instead, inmate Richard Madkins, who is barred by 28 U.S.C. § 1915(g) from filing in forma pauperis actions due to his propensity to file frivolous lawsuits, states that he has filed this petition at Ramon's request. Madkins requests that the Court consider Ramon's age and Ramon's medical condition which rendered him ignorant or unaware of the statute of limitations. The state court opinions demonstrate that Ramon suffered from mental illness after murder of his aunt. However, the unsworn statement of Madkins, a known frivolous filer, is insufficient to demonstrate Ramon's psychiatric or medical condition during the applicable period of time for filing a timely § 2254.

    Ignorance of the time requirements for filing does not toll the limitations period. See United States v. Baker, 197 F.3d 211, 218-19 (6th Cir. 1999)(in direct criminal appeal, court noted that accepting an ignorance-of-the-law excuse would encourage and reward indifference to the law). Ramon fails to proffer any affidavit or medical record demonstrating any circumstances which prevented him from inquiring about additional remedies before March of 2005 and also fails to allege facts supporting any inference that, using due diligence, he could not have discovered the factual predicate for this claim within the statutory period mandated by the AEDPA. The claim raised in this habeas petition was presented on direct appeal.

Thus, the Court determines that the application of equitable tolling is inappropriate under these circumstances. This petition is clearly barred by the AEDPA statute of limitations.

Therefore, as it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court," summary dismissal prior to service on the respondent is proper. Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. The petition is DISMISSED.

III. APPEAL ISSUES

The Court must also determine whether to issue a certificate of appealability. Twenty-eight U.S.C. § 2253(c) provides:

> (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from-
>
>     (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>     (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

Lyons v. Ohio Adult Parole Auth., 105 F.3d 1063, 1073 (6th Cir. 1997), held that district judges may issue certificates of appealability under the AEDPA. The Court also held that the AEDPA codifies in amended § 2253 the standard for issuing a certificate of probable cause found in prior § 2253, which was essentially a codification of Barefoot v. Estelle, 463 U.S. 880, 893 (1983). See Lyons, 105 F.3d at 1073; See also Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

> [P]robable cause requires something more than the absence of frivolity . . . and the standard for issuance of a certificate of probable cause is a higher one than the 'good faith' requirement of § 1915. . . . [A] certificate of probable cause requires petitioner to make a substantial showing of the denial of [a] federal right. [A] question of some substance, or a substantial showing of the denial of [a] federal right, obviously [does not require] the petitioner [to] show that he should prevail on the merits. He has already failed in that endeavor. Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further.

Barefoot, 463 U.S. at 893 (internal quotations and citations omitted). In this case, for the reasons discussed above, the petitioner's claim is clearly barred by the AEDPA statute of limitations, and he cannot present a question of some substance about which reasonable jurists could differ. The Court therefore denies a certificate of appealability.

The United States Court of Appeals for the Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915(a)-(b), does not apply to appeals of orders denying habeas petitions. Kincade v. Sparkman, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to seek leave to appeal in forma pauperis in a § 2254 case, and thereby avoid the $455 filing fee required by 28 U.S.C. §§ 1913 and 1917,[1] the prisoner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). Kincade, 117 F.3d at 952. Rule 24(a)(3) provides that if a party was permitted to proceed in forma pauperis in the district court, he may also proceed in forma pauperis without further authorization unless district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies pauper status, the party may

---

[1] The fee for docketing an appeal is $450. See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.

file a motion to proceed in forma pauperis and supporting affidavit in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter is not taken in good faith, and leave to appeal in forma pauperis is DENIED. Accordingly, if petitioner files a notice of appeal, he must also pay the full $455 appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.

IT IS SO ORDERED.

                                     s/ **James D. Todd**
                                     JAMES D. TODD
                                     UNITED STATES DISTRICT JUDGE